UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

ANGELA BRANDT,

on behalf of herself and all
others similarly situated,

          Plaintiff,

      v.                            CASE NO. 15-CV-1588

WATER STREET BREWERY, INC.,

WSB-GRAFTON, INC.,

WSB OAK CREEK RESTAURANT LLC,

 WSB-LAKE COUNTRY, INC.,

     and

ROBERT C. SCHMIDT, JR.,

          Defendants.

---

## COLLECTIVE AND CLASS ACTION COMPLAINT

---

### PRELIMINARY STATEMENT

1.     This is a collective and class action brought by Plaintiff Angela Brandt, on behalf of herself and all other similarly situated current and former employees who work or have worked as Servers for Water Street Brewery, Inc., WSB-Grafton, Inc., WSB Oak Creek Restaurant LLC, WSB-Lake Country, Inc., and/or Robert C. Schmidt, Jr. (collectively "Water Street Brewery").  At times since November 29,

2013, Plaintiff Brandt and the putative class members have been employed as Servers by Water Street Brewery at its restaurants in Milwaukee, Oak Creek, Grafton, and/or Delafield, Wisconsin. Since that time, Water Street Brewery has paid Plaintiff Brandt and the putative classes' members at a sub-minimum wage rate for each hour worked and had common policies and/or practices resulting in Water Street Brewery's failure to pay mandated minimum and/or overtime wages in violation of the Fair Labor Standards Act of 1938, as amended, ("FLSA") and Wisconsin wage and hour laws. In addition, Defendant Water Street Brewery, Inc. unlawfully retaliated against Plaintiff Brandt in violation of the FLSA by suspending her and reducing her hours when she refused to pay management from her cash tips for discarded and used items.

2.     Plaintiff Brandt brings this action on behalf of herself and other similarly situated current and former Servers as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA") for purposes of obtaining relief under the FLSA for unpaid minimum wages, unpaid overtime compensation, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate.

3.     Plaintiff Brandt also brings this action on behalf of other similarly situated current and former employees as a class action pursuant to FED. R. CIV. P. 23 for purposes of obtaining relief under Wisconsin's wage and hour laws for unpaid minimum wages, unpaid overtime compensation, unpaid agreed

upon wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

4.     This Court has original jurisdiction under 28 U.S.C. § 1331 because this case presents federal questions brought under the FLSA.

5.     This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this district and Water Street Brewery has substantial and systematic contacts in this district.

## PARTIES

7.     Defendant Water Street Brewery, Inc. is a Wisconsin Corporation which operates the Water Street Brewery Restaurant located in Milwaukee, Wisconsin. Water Street Brewery, Inc.'s registered agent is R.C. Schmidt Jr., located in Milwaukee, Wisconsin.

8.     Defendant WSB-Grafton, Inc. is a Wisconsin Corporation which operates the Water Street Brewery Restaurant located in Grafton, Wisconsin. WSB-Grafton, Inc.'s registered agent is R.C. Schmidt Jr., located in Milwaukee, Wisconsin.

9.      Defendant WSB Oak Creek Restaurant, LLC is a Wisconsin Limited Liability Company which operates the Water Street Brewery Restaurant located in Oak Creek, Wisconsin. WSB Oak Creek Restaurant, LLC's registered agent is R.C. Schmidt Jr., located in Milwaukee, WI 53202.

10.     Defendant WSB-Lake Country, Inc. is a Wisconsin Corporation which operates the Water Street Brewery Restaurant located in Delafield, Wisconsin. WSB-Lake Country, Inc.'s registered agent is R.C. Schmidt Jr., located in Milwaukee, Wisconsin.

11.     Defendant Robert C. Schmidt, Jr. ("Schmidt") is an adult resident of Waukesha County in the State of Wisconsin. Defendant Schmidt is an owner of Water Street Brewery, Inc., WSB-Grafton, Inc., WSB Oak Creek Restaurant, LLC and WSB-Lake Country, Inc.

12.     Defendant Schmidt has operational control of the restaurants operated by Water Street Brewery, Inc., WSB-Grafton, Inc., WSB Oak Creek Restaurant, LLC and WSB-Lake Country, Inc. and has control over relevant compensation aspects of Water Street Brewery's operations, pay practices, and policies that are at issue in this litigation. Schmidt can hire, fire, and discipline employees.

13.     Defendants Water Street Brewery, Inc., WSB-Grafton, Inc., WSB Oak Creek Restaurant, LLC, WSB-Lake Country, Inc., and Schmidt are joint employers and will be collectively referred to hereinafter as "Water Street Brewery."

14.     Joinder of Defendants Water Street Brewery, Inc., WSB-Grafton, Inc., WSB Oak Creek Restaurant, LLC, WSB-Lake Country, Inc., and Schmidt is proper

Case 2:16-cv-01588-PP   Filed 11/29/16   Page 4 of 21   Document 1

pursuant to Fed. R. Civ. P. 20(a)(2) because Plaintiff Brandt's and the putative classes' rights to relief are asserted against Water Street Brewery arising out of the same series of occurrences and common questions of law and fact.

15. Plaintiff Angela Brandt (hereinafter "Brandt") is an adult who resides in Milwaukee County in the State of Wisconsin. Brandt's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached as Exhibit A to and is made a part of this Complaint. Plaintiff Brandt has worked for Water Street Brewery as a Server during the relevant statutory period.

16. Plaintiff Brandt brings this action on behalf of herself and all other similarly situated employees in the FLSA Server Class, as authorized under the FLSA, 29 U.S.C. § 216(b). The **FLSA Server Class** is defined as follows:

> All persons who work or worked for Water Street Brewery
> as a Server at any time since November 29, 2013.

17. Plaintiff Brandt brings this action on behalf of herself and all other similarly situated employees in the Wisconsin Server Class pursuant to FED. R. CIV. P. 23. The **Wisconsin Server Class** is defined as follows:

> All persons who work or worked for Water Street Brewery
> as a Server at any time since November 29, 2014.

18. The FLSA Server Class and the Wisconsin Server Class will be referred to collectively hereinafter as the "Server Classes."

<u>GENERAL ALLEGATIONS</u>

19. Plaintiff Brandt and the FLSA Server Class work, or have worked, for Water Street Brewery as Servers since November 29, 2013.

Case 2:16-cv-01588-PP   Filed 11/29/16   Page 5 of 21   Document 1

20.     Plaintiff Brandt and the Wisconsin Server Class work, or have worked, for Water Street Brewery as Servers since November 29, 2014.

21.     While working as Servers for Water Street Brewery since November 29, 2013, Plaintiff Brandt and the Server Classes' primary job duties have included, but not been limited to, taking customers' food and drink orders, serving the customers' food and drink orders, and taking and processing payment from customers.

22.     Since November 29, 2013, Plaintiff Brandt and the Server Classes have regularly processed customers' credit card payments on behalf of Water Street Brewery.

23.     While employed by Water Street Brewery since November 29, 2013, Water Street Brewery paid Brandt $2.33 per hour for the hours she worked as a Server under forty hours in a workweek.

24.     Since November 29, 2013, Water Street Brewery has paid and continues to pay the Server Classes at a sub-minimum wage rate at or around $2.33 per hour for hours worked as Servers under forty hours in a workweek.

25.     At all times since November 29, 2013, Water Street Brewery claimed a tip credit for the difference between the sub-minimum wage hourly rates it paid to Plaintiff Brandt and the Server Classes and the mandated minimum wage rate.

26.     Since November 29, 2013, Water Street Brewery has suffered or permitted Plaintiff Brandt to work in excess of forty hours in various workweeks.

27.     Since November 29, 2013, Water Street Brewery has suffered or permitted the Server Classes to work in excess of forty hours in various workweeks.

28.     Since November 29, 2013, Plaintiff Brandt and the Server Classes have customarily and regularly received tips while working as Servers at Water Street Brewery.

29.     Since November 29, 2013, Water Street Brewery has required Plaintiff Brandt and the Server Classes to participate in a tip pool.

30.     Since November 29, 2013, Water Street Brewery has taken control of a portion of the servers' tips after each shift.

31.     Since November 29, 2013, Water Street Brewery, through its management, has distributed a portion of the money in the tip pool to employees who do not customarily and regularly receive tips.

32.     During various workweeks since November 29, 2013, Water Street Brewery has required Plaintiff Brandt and members of the Server Classes to make payments to management from their tips for discarded coasters.

33.     During various workweeks since November 29, 2013, Water Street Brewery has required Plaintiff Brandt and members of the Server Classes to make payments to management from their tips for discarded silverware.

34.     During various workweeks since November 29, 2013, Water Street Brewery has required Plaintiff Brandt and members of the Server Classes to make payments to management from their tips for broken dishes.

Case 2:16-cv-01588-PP   Filed 11/29/16   Page 7 of 21   Document 1

35.     During various workweeks since November 29, 2013, Water Street Brewery has required Plaintiff Brandt and members of the Server Classes to make payments to management from their tips for children's cups being used by non-customers.

36.     During various workweeks since November 29, 2013, Water Street Brewery's payroll records have failed to indicate that the required taxes have been withheld each week from Plaintiff Brandt and the Server Classes' compensation.

37.     Since November 29, 2013, Water Street Brewery has not obtained signed tip declarations from Plaintiff Brandt and the Server Classes in each pay period that they worked as Servers.

38.     Since November 29, 2013, Water Street Brewery has failed to notify Plaintiff Brandt and the Server Classes of the method and manner in which it would meet its minimum wage obligations to them as tipped employees.

39.     Since November 29, 2013, Water Street Brewery has not explained to Plaintiff Brandt and the Server Classes that they are entitled to retain all tips except those collected pursuant to a valid tip pooling arrangement.

40.     Since November 29, 2013, Plaintiff Brandt and the Server Classes have recorded the hours they work on a time keeping system integrated with Water Street Brewery's point of sale system.

41.     At times since November 29, 2013, Water Street Brewery has not paid Plaintiff Brandt and the Server Classes for all hours of work recorded in its time keeping system – including hours worked in excess of forty in a given workweek.

42.     As a result of the foregoing conduct, Water Street Brewery has failed to pay Plaintiff Brandt and the Server Classes at least $7.25 per hour for all hours worked since November 29, 2013.

43.     As a result of the foregoing conduct, Water Street Brewery has failed to pay Plaintiff Brandt and the Server Classes at a rate of one and one-half times their respective regular rates for all hours worked in excess of forty in a given workweek since November 29, 2013.

44.     Water Street Brewery's conduct, as set forth in this complaint, was willful, dilatory, unjust, and in bad faith and has caused significant damages to Plaintiff Brandt, the Wisconsin Server Class, and the FLSA Server Class.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

45.     Plaintiff Brandt and the FLSA Server Class that she brings this action on behalf of are and have been similarly situated, have and have had substantially similar pay provisions, and are and have been subject to Water Street Brewery's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked at the proper minimum wage and overtime rates. The claims of Plaintiff Brandt stated herein are the same as those of the FLSA Server Class she seeks to represent.

46.     Plaintiff Brandt and the FLSA Server Class seek relief on a collective basis and challenge Water Street Brewery's policies and practices which lead and have led to FLSA minimum wage and overtime violations.

Case 2:16-cv-01588-PP   Filed 11/29/16   Page 9 of 21   Document 1

47.     As a result of the above-alleged uniform pay practices, Water Street Brewery has failed to pay Plaintiff Brandt and the FLSA Server Class the required minimum and overtime wages for all hours worked.

48.     The FLSA 216(b) FLSA Server Class is readily ascertainable. For purpose of notice and other purposes related to this action, their names, phone numbers, social security numbers, and addresses are readily available from Water Street Brewery. Notice can be provided to the FLSA Server Class via first class mail to the last address known to Water Street Brewery and through posting at Water Street Brewery's facilities in areas where postings are normally made.

## RULE 23 CLASS ALLEGATIONS - WISCONSIN

49.     Plaintiff Brandt brings her Wisconsin state law claims, pursuant to the Wisconsin wage laws, under FED. R. CIV. P. 23 on behalf of the Wisconsin Server Class for violations occurring on or after November 29, 2014.

50.     The members of the Wisconsin Server Class are readily ascertainable. The number and identity of the members of the Wisconsin Server Class are determinable from the records of Water Street Brewery.

51.     The proposed Wisconsin Server Class's members are so numerous that joinder of all members is impracticable and, more importantly, the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown and the facts on which the calculation of that number are presently within the sole control of Water Street Brewery, upon

Case 2:16-cv-01588-PP   Filed 11/29/16   Page 10 of 21   Document 1

information and belief, there are more than 40 members in the Wisconsin Server Class.

52.     Plaintiff Brandt's claims are typical of those claims which could be alleged by any member of the Wisconsin Server Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Server Class in separate actions. The alleged claims arise out of the same corporate practices of Water Street Brewery and Water Street Brewery benefited from the same type of unfair and/or wrongful acts as to each Wisconsin Class member. Plaintiff Brandt and other members of the Wisconsin Server Class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

53.     Plaintiff Brandt is able to fairly and adequately protect the interests of the Wisconsin Server Class and has no interests antagonistic to the Wisconsin Server Class.

54.     There are questions of fact and law common to the Wisconsin Server Class that predominate over any questions affecting only individual members, including, but not limited to:

    a) Whether Water Street Brewery's practice of requiring the Wisconsin Server Class to pay tips for lost, discarded, or broken items violates Wisconsin's wage and hour laws; and

    b) Whether Water Street Brewery's practice of editing the Wisconsin Serve Class's time records violated Wisconsin's wage and hour laws.

55. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large and wealthy corporate defendant, particularly those with relatively small claims.

56. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the claims.

### FIRST CLAIM FOR RELIEF
### Violations of the Fair Labor Standards Act of 1938 as Amended

57. Plaintiff Brandt, on behalf of herself and the FLSA Server Class, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

58. Since November 29, 2013, Plaintiff Brandt and the FLSA Server Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.* at all times while working for Water Street Brewery.

59. Since November 29, 2013, Water Street Brewery has been an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

60. Since November 29, 2013, Water Street Brewery, Inc. has been an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

61. Since November 29, 2013, WSB-Grafton, Inc. has been an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

Case 2:16-cv-01588-PP   Filed 11/29/16   Page 12 of 21   Document 1

62.     Since November 29, 2013, WSB Oak Creek Restaurant LLC has been an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

63.     Since November 29, 2013, WSB-Lake Country, Inc. has been an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

64.     Since November 29, 2013, Water Street Brewery has been and/or is an employer of Plaintiff Brandt and the FLSA Server Class as provided under the FLSA.

65.     As a result of the above alleged practices, Water Street Brewery violated the FLSA by failing to account for and compensate Plaintiff Brandt and the FLSA Server Class at the proper minimum wage for each hour they worked each workweek and overtime rate for hours worked in excess of forty hours per workweek as well as by failing to meet the requirements to pay a sub-minimum wage.

66.     Plaintiff Brandt and the FLSA Server Class are entitled to damages equal to the mandated minimum wage and overtime premium pay within the three years preceding the date of filing of this Complaint, plus periods of equitable tolling because Water Street Brewery acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

67.     Water Street Brewery's failure to properly compensate Plaintiff Brandt and the FLSA Server Class was willfully perpetrated and entitles Plaintiff Brandt and the FLSA Server Class to an extended three-year statute of limitations pursuant to 29 U.S.C. § 255(a).

Case 2:16-cv-01588-PP   Filed 11/29/16   Page 13 of 21   Document 1

68.     Water Street Brewery's failure to properly compensate Plaintiff Brandt and the FLSA Server Class was in bad faith and entitles Plaintiff Brandt and the FLSA Server Class to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and overtime premium pay described above pursuant to 29 U.S.C. § 216(b).

69.     Alternatively, should the Court find that Water Street Brewery did not act in bad faith in failing to pay minimum and overtime premium wages, Plaintiff Brandt and the FLSA Server Class are entitled to an award of pre-judgment interest at the applicable legal rate.

70.     Pursuant to FLSA, 29 U.S.C. § 216(b), Plaintiff Brandt and the FLSA Server Class are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting this action for unpaid minimum wages and overtime wages.

**SECOND CLAIM FOR RELIEF**
<u>Violation of Wisconsin Law –</u>
<u>Unpaid Minimum, Agreed Upon, and Overtime Wages</u>

71.     Plaintiff Brandt, on behalf of herself and members of the Wisconsin Server Class, re-alleges and incorporates by reference all previous paragraphs as if they were set forth herein.

72.     Since November 29, 2014, Plaintiff Brandt and members of the Wisconsin Server Class were employees within the meaning of Wis. Stat. §§ 109.01 et seq.

73. Since November 29, 2014, Plaintiff Brandt and the members of the Wisconsin Server Class were employees within the meaning of Wis. Stat. §§ 103.001 *et seq.*

74. Since November 29, 2014, Plaintiff Brandt and the members of the Wisconsin Server Class were employees within the meaning of Wis. Stat. §§ 104.01 *et seq.*

75. Since November 29, 2014, Plaintiff Brandt and the members of the Wisconsin Server Class were employees within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

76. Since November 29, 2014, Plaintiff Brandt and the members of the Wisconsin Server Class were employees within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

77. Since November 29, 2014, Water Street Brewery was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

78. Since November 29, 2014, Water Street Brewery was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

79. Since November 29, 2014, Water Street Brewery was an employer within the meaning of Wis. Stat. §§ 104.01 *et seq.*

80. Since November 29, 2014, Water Street Brewery was an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

81. Since November 29, 2014, Water Street Brewery was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

82.     Since November 29, 2014, Water Street Brewery has employed, and/or continues to employ, Plaintiff Brandt and the members of the Wisconsin Server Classes as within the meaning of Wis. Stat. §§ 109.01 *et seq.*

83.     Since November 29, 2014, Water Street Brewery has employed, and/or continues to employ, Plaintiff Brandt and the members of the Wisconsin Server Class as within the meaning of Wis. Stat. §§ 103.001 *et seq.*

84.     Since November 29, 2014, Water Street Brewery has employed, and/or continues to employ, Plaintiff Brandt and the members of the Wisconsin Server Class as within the meaning of Wis. Stat. §§ 104.01 *et seq.*

85.     Since November 29, 2014, Water Street Brewery has employed, and/or continues to employ, Plaintiff Brandt and the members of the Wisconsin Server Class as within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

86.     Since November 29, 2014, Water Street Brewery has employed, and/or continues to employ, Plaintiff Brandt and the members of the Wisconsin Server Class as within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

87.     Since November 29, 2014, Water Street Brewery has had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules which willfully, dilatorily, and unjustly fail to properly pay Plaintiff Brandt and the members of the Wisconsin Server Class the proper minimum wage rate for hours worked under forty and the proper overtime rate for all hours worked in excess of forty in a workweek.

Case 2:16-cv-01588-PP   Filed 11/29/16   Page 16 of 21   Document 1

88.     Wis. Stat. §109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

89.     The foregoing conduct, as alleged above, constitutes continuing willful, dilatory, and unjust violations of Wisconsin's law requiring the payment of minimum and overtime wages.

90.     As set forth above, Plaintiff Brandt and members of the Wisconsin Server Class have sustained losses in their compensation as a proximate result of Water Street Brewery's violations. Accordingly, Plaintiff Brandt, on behalf of herself and the Wisconsin Server Class, seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Water Street Brewery to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

91.     Under Wis. Stat. § 109.11, Plaintiff Brandt and the Wisconsin Server Class are entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

92.     Plaintiff Brandt, on behalf of herself and the Wisconsin Server Class, seeks recovery of attorneys' fees and the costs of this action to be paid by Water Street Brewery, pursuant to the Wisconsin law.

<u>THIRD CLAIM FOR RELIEF</u>
**Violations of the Fair Labor Standards Act's Anti-Retaliation Provisions**
**(as to Plaintiff Brandt only)**

93.     Plaintiff Brandt reasserts and incorporates by reference all previous paragraphs as if they were set forth herein.

94. At points during her employment with Water Street Brewery since November 29, 2013, Brandt worked as a Hostess in addition to her work as a Server at Water Street Brewery.

95. Water Street Brewery agreed to and did pay Plaintiff Brandt $8.00 per hour for hours she worked as a Hostess under forty in a workweek.

96. Until September 2016, Plaintiff Brandt generally worked one to two days a week as a Hostess at Water Street Brewery.

97. On one occasion in September 2016, Plaintiff Brandt refused to pay for discarded items out of her tips and advised her manager that Water Street Brewery's practice of collecting servers' tips for those items was unfair and illegal.

98. After she refused to pay for the discarded items from her earned tips, Plaintiff Brandt's Manager told her not to report for her next shift and advised that Plaintiff Brandt would be notified if she could return to work.

99. On approximately September 27, 2016, Plaintiff Brandt was notified she could return to work; however, since her return to work, Plaintiff Brandt's regularly scheduled Hostess and Server hours have been reduced.

100. Section 215(a)(3) of the FLSA prohibits any person from discharging or in any manner discriminating against any employee because such employee made any complaint to protect his/her rights under the FLSA.

101. Plaintiff Brandt's oral complaint regarding Water Street Brewery's pay practices of requiring servers to pay for broken, used, or discarded items from their cash tips constitutes a protected activity under the FLSA.

Case 2:16-cv-01588-PP   Filed 11/29/16   Page 18 of 21   Document 1

102.    Water Street Brewery's act of reducing Plaintiff Brandt's hours is an unlawful act of retaliation in response to Brandt asserting her rights under the FLSA.

103.    Plaintiff Brandt has suffered economic damages in the loss of wages due to Water Street Brewery's unlawful reduction of her hours.

104.    Plaintiff Brandt has suffered emotional distress arising out of her loss of income.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Brandt, on her own behalf and on the behalf of all members of the FLSA Server Class and the Wisconsin Server Class request the following relief:

a)  An order designating this action as a collective action on behalf of the FLSA Server Class and issuance of notices pursuant to 29 U.S.C. § 216(b) to all similarly-situated individuals;

b)  An order certifying this action as a FED. R. CIV. P. 23 class action on behalf of the proposed Wisconsin Server Class;

c)  An order designating Plaintiff Brandt as the representative of the Wisconsin Server Class set forth herein;

d)  An order designating Hawks Quindel, S.C. as Class Counsel for the Wisconsin Server Class;

e)  Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

f)  Issuance of an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Water Street Brewery's actions as described in the Complaint as unlawful and in violation of the Wisconsin Law and applicable regulations;

g) An order finding that Water Street Brewery violated the FLSA's and Wisconsin wage and hour law's minimum wage and overtime provisions;

h) An order finding that these violations were willful;

i) An order finding that Water Street Brewery violated the FLSA's anti-retaliation provisions as set forth in 29 U.S.C. § 215(a)(3);

j) Judgment against Water Street Brewery in the amount equal to Plaintiff Brandt, the FLSA Server Class', and the Wisconsin Server Class' unpaid wages at the applicable minimum wage and overtime rates;

k) Judgement against Water Street Brewery in the amount equal to Plaintiff Brandt's lost wages in back pay and front pay;

l) An award in the amount of all liquidated damages and civil penalties as provided under Wisconsin law and the FLSA or, if the Court finds that liquidated damages and civil penalties are not appropriate in this matter, an award of pre-judgment and post-judgment interest;

m) An award of compensatory and/or punitive damages to Plaintiff Brandt in an amount that the Court deems just and reasonable for Water Street Brewery's violations of 29 U.S.C. § 215(a)(3);

n) An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims; and

o) Such further relief as the Court deems just and equitable.

Dated this 29th day of November, 2016.

Respectfully submitted,

**s/ Summer H. Murshid**
Summer Murshid
Bar Number 1075404
Larry A. Johnson
Bar Number 1056619
Timothy Maynard
Bar Number 1080953
Attorneys for Plaintiff

**Hawks Quindel, S.C.**
222 East Erie, Suite 210
P.O. Box 442
Milwaukee, WI 53201-0442
Telephone: 414-271-8650
Fax: 414-271-8442
E-mail: ljohnson@hq-law.com
        smurshid@hq-law.com
        tmaynard@hq-law.com