# Settlement Agreement & Release

The Parties to this Settlement Agreement and Release ("Agreement") are Angela Brandt ("Brandt"), both individually and on behalf of the individuals who have joined this matter pursuant to 29 U.S.C. § 216(b) (the "Collective Class") and the putative Rule 23 class action members (the "Rule 23 Class"), and Water Street Brewery, Inc., Water Street Brewery-Grafton, Inc., Water Street Brewery Oak Creek Restaurant LLC, Water Street Brewery-Lake Country, Inc., and Robert C. Schmidt, Jr. (collectively "WSB").

## Recitals

WHEREAS, Brandt alleges that WSB failed to pay her and WSB's other servers minimum wages for all hours worked as a result of WSB's payroll practices including: 1) requiring servers to share tips, through a tip pool, with non-tipped employees; 2) requiring servers to pay for discarded drink coasters, discarded silverware, discarded or broken dishes, and/or damaged food products; 3) failing to provide servers with the necessary notice that WSB was going to take a tip credit and failing to obtain signed tip declarations; 4) failing to pay for breaks less than thirty minutes; and 5) artificially increasing the tips received by the servers to meet WSB's minimum wage obligations. Brandt further alleged that her hours were reduced and she was constructively terminated in retaliation for raising her concerns regarding not being properly paid.

WHEREAS, WSB denies the allegations and denies liability.

WHEREAS, WSB has provided substantial data and information relevant to Brandt's allegations to Brandt's Counsel, Hawks Quindel, S.C., and, after a detailed analysis of the data, the Parties engaged in mediation with Deborah Gage Haude on June 12, 2017 and agreed upon a total settlement fund to provide compensation for the alleged unpaid wages to Brandt, the Collective Class, and the putative Rule 23 Class.

WHEREAS, Hawks Quindel, S.C., has represented Brandt and negotiated with WSB at arm's length throughout this matter to ensure that Brandt, the Collective Class and putative Rule 23 Class are properly compensated for time spent working for WSB from November 29, 2013, through April 27, 2017.

WHEREAS, the Parties desire to resolve this matter and avoid the costs, risks, and delays associated with litigation.

NOW, THEREFORE, in consideration of the above Recitals, which are hereby acknowledged to be true and correct and made a part of this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is hereby expressly acknowledged, the Parties agree as follows:

1

## I. General Terms of Settlement

A. For the purpose of settlement only, the Parties agree to stipulate to a FED.R.CIV.P. 23 class as defined in Section IV.A., below (the "Rule 23 Class").

B. In exchange for the Release of Claims and other promises contained herein, WSB will, in accordance with the manner and timing provided for in Sections III(A)–IV(G), below, make payments to Brandt, the Collective Class, the Rule 23 Class, and Brandt's Legal Counsel, Hawks Quindel, S.C., in the amounts identified in Section III, below, and Exhibit A to this Agreement.

C. Brandt understands and acknowledges that, although WSB is entering into this Agreement and making the payments hereunder, WSB does not admit to any wrongdoing or violation of Federal or State statutes or regulations of any kind, including those cited in Section II.A. below, and expressly denies the same.

## II. Release of Claims, Acknowledgments, and Agreement to Cooperate

A. Brandt's Release of Claims.

Brandt hereby and forever completely releases and discharges WSB from any and all claims of any kind which arise out of or are in any manner based upon or related to the employment relationship between Brandt and Water Street Brewery based on any act or omission that occurred up to the date of her execution of this Agreement. Brandt's release of claims against WSB, include but are not limited to: (1) claims pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et. seq., including any claim for retaliation pursuant to 29 U.S.C. § 215(a)(3), or Wisconsin's wage and hour laws, including Wis. Stats. Chapters 103 and 109, and Wis. Admin Code Ch. DWD §§ 272 and 274; (2) any state common law wage claims, including, but not limited to, breach of contract (whether express or implied), promissory estoppel, unjust enrichment and quantum meruit; (3) Title VII of the Civil Rights Act of 1964, as amended; (4) Section 1981 of the Civil Rights Act of 1866 (42 U.S.C. § 1981); (5) the Genetic Information Nondiscrimination Act; (6) the Americans with Disabilities Act, as amended; (7) the Equal Pay Act; (8) the National Labor Relations Act; (9) the Employee Retirement Income Security Act of 1974; (10) state or federal parental, family and medical leave acts; (11) the Uniformed Services Employment and Reemployment Rights Act (USERRA), or any other local, state, or federal military and/or veterans rights act, or any other claim based on veteran status; (12) or arising under any

2

other local, state or federal statute, ordinance, regulation or order, or which involve a claim or action for wrongful discharge, defamation, misrepresentation, violation of public policy, invasion of privacy, emotional distress, breach of contract (express or implied) and/or any other tort or common law cause of action.

B.     Rule 23 Class Members Release of Claims.

Upon final approval of this Settlement Agreement, the Rule 23 Class members will release their Wisconsin law claims alleged in the Complaint for unpaid wages against WSB from November 29, 2014, through April 27, 2017, including those under Wis. Stats. Chapters 103 and 109 and Wis. Admin Code §§ DWD 272 and 274 and any state common law unpaid wage claims.

C.     Collective Class Members Release of Claims.

Upon final approval of this Settlement Agreement, the Collective Class Members who have filed their consent forms with the Court release their FLSA claims alleged in the Complaint for unpaid wages against WSB from November 29, 2013, through April 27, 2017.

D.     Acknowledgments and Agreement to Cooperate.

Brandt acknowledges and agrees that the amounts payable pursuant to this Agreement resolve a bona fide dispute regarding the payment of minimum wages, liquidated damages, civil penalties, compensatory and punitive damages, and her legal fees and costs. Brandt further agrees that this settlement represents fair and reasonable compensation for any unpaid wages she may have accrued during her employment with WSB, inclusive of any claim for liquidated damages, and that WSB does not owe her any further compensation or any other amounts for work performed during her employment with WSB. Brandt further acknowledges and agrees she has been given sufficient time to read this Agreement and its attached Exhibits A-E prior to her execution of it, understands their terms, and has consulted with Hawks Quindel, S.C., about the legal effects of this Agreement. Finally, Brandt agrees to direct her counsel, Hawks Quindel, S.C., to take any action necessary to ensure that the terms of this Agreement are fully carried out, and authorizes Hawks Quindel, S.C., to work cooperatively with WSB to seek judicial approval of this agreement, including preparation of court required pleadings.

## III.   Settlement Payments

3

A.    Settlement Fund.

As consideration for the releases in Section II above, WSB shall pay $825,000.00 (the "Settlement Fund"). This Settlement Fund is inclusive of attorneys' fees and costs, liquidated damages, civil penalties, compensatory and punitive damages, an incentive payment to Brandt, and enhancement payments as described below. If the Settlement Agreement is not approved by the Court, WSB will cease to have any obligation to pay or provide any portion of the Settlement Fund, the releases in Section II above will not be effectuated, and this matter will move forward in litigation.

B.    Allocation of the Settlement Fund.

1.    Enhancement Payment - $15,000.00 of the Settlement Fund shall be allocated as an enhancement payment to Brandt in recognition of her in bringing this claim, her insistence that the matter be resolved on class-wide basis, and the assistance she provided Plaintiff's Counsel in bringing this matter to resolution. Additionally, $1,000.00 per person shall be allocated as an engagement payment to Larissa Rongholt, Jessica Torp, Casondra Greuel, Melissa Harvancik, Markie Block, and Kayleigh Butschle in recognition of the assistance they provided to Plaintiff's Counsel in bringing this matter to resolution, including meeting with Plaintiff's Counsel and providing discovery responses. WSB will issue an IRS Form 1099 to Brandt for this enhancement payment, and will issue IRS Forms 1099 to the other individuals for the enhancement payments.

2.    Attorneys' fees - $275,000.00 of the Settlement Fund shall be allocated as attorneys' fees. Plaintiff's Counsel will move the Court for an award of attorneys' fees by September 30, 2017.

3.    Costs - $12,041.99 of the settlement fund shall be allocated as costs.

4.    Brandt Retaliation - $13,726.30 of the Settlement Fund shall be allocated to Brandt's retaliation claim. WSB will report one-half of this payment on an IRS Form W2. One-half shall be attributed to liquidated damages WSB will report this payment on an IRS Form 1099 from WSB.

5.    Contingency and Ongoing Cost Fund - $20,000.00 of the Settlement Fund shall be held in a reserve fund to address any issues which may arise in the administration of the settlement

4

and/or pay for additional costs which may arise in the administration of the settlement including postage, copying, and skip traces. This amount will be reallocated to the Wisconsin Settlement Fund and the FLSA Settlement Fund to be distributed on a pro-rata basis in the final allocation provided by Plaintiff's Counsel to WSB's Counsel within seven days of the Final Order Approving Settlement.

6.    Settlement Class Funds – The remaining portion of the Settlement Fund, $483,231.71, shall be allocated among two separate funds:

    a.    Wisconsin Settlement Fund – $369,410.46 of the Settlement Fund shall be allocated to the Wisconsin Settlement Fund. Each Rule 23 Class Member shall receive a pro-rata share of the Rule 23 Settlement Fund in an amount not to exceed the figure set forth for such Rule 23 Class Member in Exhibit A. For tax purposes, two-thirds of each payment shall constitute unpaid wages and shall be subject to regular payroll withholdings. WSB will report the unpaid wages portion to each Rule 23 Class Member on an IRS Form W2. One-third shall be attributed to liquidated damages for which each Rule 23 Class Member will receive an IRS Form 1099 from WSB.

    b.    The FLSA Settlement Fund - $113,821.25 of the Settlement Fund shall be allocated to the FLSA Settlement Fund. Each individual who opted into this matter shall receive a pro-rata share of the FLSA Settlement Fund in an amount not to exceed the figure set forth for such individual in Exhibit A. For tax purposes, one-half of each payment shall constitute unpaid wages and shall be subject to regular payroll withholdings. WSB will report the unpaid wages portion to each opt-in plaintiff on an IRS Form W2. One-half shall be attributed to liquidated damages for which each opt-in plaintiff will receive an IRS Form 1099 from WSB.

## IV.    Settlement Approval Process.

A.    Stipulation to FED.R.CIV.P. 23 Class Certification.

The Parties agree to stipulate to FED.R.CIV.P. 23 Class Certification of the following class:

All servers employed by WSB between November 29, 2014 and

5

April 27, 2017 whose names appear on Exhibit A.

The stipulation will state that the Parties are so stipulating for settlement purposes only and if this Agreement is not approved by the Court, the Parties agree that this stipulation will be void. The stipulation is attached as Exhibit C to this Agreement.

B.     Preliminary Approval of Settlement.

The Parties will file with the Court, by June 30, 2017, a Joint Motion for Preliminary Approval of Settlement and a Proposed Order Approving Settlement, and supporting brief, in a form mutually agreed to by the Parties. Plaintiff's Counsel will draft these documents. A fully executed copy of this Agreement will be attached to the motion for approval. The Parties will cooperate and take all necessary steps to effectuate judicial approval of this Settlement Agreement. The joint motion will request the following relief:

1.     Preliminary approval of the settlement memorialized in this Settlement Agreement as fair, reasonable, and adequate;

2.     Certification of this case as a class action under FED.R.CIV.P. 23;

3.     Appointing Angela Brandt as a Class Representative;

4.     Appointing Hawks Quindel, S.C., as Class Counsel pursuant to FED.R.CIV.P. 23(g);

5.     Approving the Notice in the form of Exhibit B for distribution to all Class Members;

6.     A finding that the Notice to be given constitutes the best notice practicable under the circumstances, including individual notice to all Rule 23 Class Members who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to Rule 23 Class Members in full compliance with the requirements of applicable law, including the due process clause of the United States Constitution;

7.     A direction that each potential Rule 23 Class Member who wishes to be excluded from the Settlement Class must opt-out per the instructions set forth in the Notice, and that their response must be received by the date set forth in the Court's Preliminary Approval Order;

6

8.      A direction that any Rule 23 Class Member who has not properly and timely requested exclusion from the Rule 23 Settlement Class shall be bound in the event the Court issues a Final Order Approving Settlement;

9.      The conducting of a Fairness Hearing on October 11, 2017 to determine whether this Settlement Agreement should be approved as fair, reasonable, and adequate and whether the proposed Final Order Approving Settlement should be entered;

10.      A direction that Class Counsel shall file a Motion for Approval of Attorneys' Fees and Costs by September 30, 2017, and a direction that any supplemental brief in support of final approval of the Settlement Agreement or in response to any objections to the application for attorneys' fees be filed at least seven days before the Fairness Hearing, and that the Court shall determine at the Fairness Hearing in what amount attorneys' fees and reimbursement of costs and expenses should be awarded to Class Counsel;

11.      A direction that any Rule 23 Class Member who wishes to object in any way to the proposed Settlement Agreement must file and serve such written objections per the instructions set forth in the Notice no later than thirty days after the mailing of the Notice, together with copies of all papers in support of his or her position. The Class Notice shall state that the Court will not consider objections of any Class Member who has not properly served copies of his or her objections on a timely basis.

C.      Objection to Settlement.

Any Class Member who intends to object to the fairness of the Settlement Agreement must, by the date specified in the Preliminary Order Approving Settlement (which shall be thirty days after the mailing of the Class Notice), file any such objection with the Court and provide copies of the objection to both Class Counsel and counsel for WSB.

Any objection to the Settlement Agreement must include: (i) the objector's full name, address, and telephone number; (ii) a written statement of all grounds for the objection accompanied by any legal and factual support for such objection; (iii) copies of any papers, briefs, or other documents upon which the objection is based; (iv) a list of all persons who will be called to testify in support of the objection at the Fairness Hearing; and (v) a statement whether the objector intends to

appear at the Fairness Hearing. If the objector intends to appear at the Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the Fairness Hearing. Any Class Member who does not file a timely written objection to the settlement and notice of his or her intent to appear at the Fairness Hearing shall be foreclosed from seeking any adjudication or review of the settlement by appeal or otherwise.

D.     Request for Exclusion.

Any Class Member who wishes to be excluded from the Settlement Class must submit a request for exclusion no later than thirty days after the mailing of the Notice. Any Class Member who fails to submit a timely request to be excluded shall be subject to and bound by this Settlement Agreement and every order or judgment entered pursuant to this Settlement Agreement.

E.     Fairness hearing.

On the date set forth in the Preliminary Approval Order, a Fairness Hearing will be held at which the Court will: (i) decide whether to certify the Settlement Class; (ii) decide whether to approve the Settlement Agreement as fair, reasonable, and adequate; and, (iii) decide Class Counsel's Motion for Attorneys' Fees and Costs.

F.     Entry of Judgment.

If this Settlement Agreement is finally approved by the Court, a Final Order Approving Settlement and directing the entry of judgment pursuant to Federal Rule of Civil Procedure 54(b) shall be entered as follows:

1.     Certifying the Settlement Class pursuant to FED.R.CIV.P. 23;

2.     Approving the Settlement Agreement as fair, reasonable, and adequate as it applies to the Collective Class and the Rule 23 Class;

3.     Appointing Brandt as Class Representative for the Settlement Classes;

4.     Appointing Hawks Quindel, S.C. as Class Counsel;

5.     Declaring the Settlement Agreement to be binding on WSB, Brandt, the Collective Class, as well as all of the Rule 23 Class members who have not been excluded;

8

6. Dismissing with prejudice the Rule 23 Class members' released claims;

7. Dismissing without prejudice the claims of the Rule 23 Class Members who have properly and timely excluded themselves in full accordance with the procedures set forth in this Settlement Agreement;

8. Authorizing the sending of the Notice; and

9. Indicating the amount of attorneys' fees and costs to be awarded to Class Counsel consistent with the Settlement.

G. Settlement Administration.

If the Court grants preliminary approval of this Settlement Agreement, the settlement will be administered by Plaintiff's Counsel. The parties agree to the following procedure for settlement administration:

1. Settlement Allocations. Individual settlement allocations shall be made in the amounts set forth in Exhibit A. Each check will indicate that it is void after one hundred and eighty days.

2. Issuance of Notice. Within seven days of the Court's Order granting preliminary approval of the Settlement, Plaintiff's Counsel will mail the Notice to the Class Members in a form substantially similar to what is attached hereto as Exhibit B and made a part of this Settlement Agreement, along with a self-addressed envelope. The Notice will be sent by first-class U.S. Mail. The Notice shall inform Class Members of their right to exclude themselves from the settlement and the approximate amount they are entitled to receive if they choose to participate in the settlement as stated in Exhibit A.

If the mailing of Notice is returned as undeliverable, Plaintiff's Counsel shall take other appropriate steps to identify proper current addresses for the Class Members. If, after a second mailing of the Notice, the Notice is returned by the postal service as undeliverable, the Parties shall be deemed to have satisfied their obligation to provide the applicable Notice to that Class Member.

3. Payment schedule. WSB shall pay the Settlement Fund in two payments. Within thirty days following the Court's Order granting final approval of the Settlement Agreement, WSB will

9

deliver to Plaintiff's Counsel settlement checks totaling $400,000.00. On or before June 30, 2018, WSB will deliver to Plaintiff's Counsel settlement checks totaling $425,000.00. The allocation of each payment is provided in Exhibit A. Within seven days of receiving these checks, Plaintiff's Counsel will mail them to the class members.

4.    Cy pres. Any portion of the Settlement Fund that remains undeliverable or is otherwise not tendered within two hundred and ten days after the final payment shall be paid to The Employee Rights Advocacy Institute for Law & Policy, 2201 Broadway, Suite 420, Oakland, CA 94612. WSB shall deliver to Plaintiff's Counsel an accounting of unclaimed settlement funds (including name of recipient and amount of checks not tendered) seven days prior to payment and also provide a copy of the check when it is mailed to The Employee Rights Advocacy Institute for Law & Policy.

5.    The Parties agree to work together in good faith to adjust the dates of various deadlines in this agreement should the Court (a) not enter an order for preliminary approval by August 15, 2017, (b) order that any of the settlement administration periods be extended, or (c) not enter an order for final approval by October 15, 2017.

## V.    Breach

If WSB breaches this Agreement by failing to make the payments provided herein, WSB shall have fourteen days to cure such a breach. Failure to cure such a breach will result in the stipulated entry of judgment in the form substantially similar to Exhibit E in an amount of $825,000.00 less all settlement amounts paid to date. Plaintiff, the Collective Class, and/or the Rule 23 Class shall be entitled to recover from WSB its attorneys' fees and costs incurred resulting from any breach of this Agreement. The Court shall retain jurisdiction over this matter for this sole purpose. The Parties agree that the payments contemplated herein cannot be discharged in bankruptcy. Further, WSB affirmatively states that it does not currently anticipate filing for bankruptcy or any similar insolvency proceeding, and has not retained counsel to file for or obtain advice regarding potentially filing for bankruptcy.

## VI.    Publicity

The Parties agree that any press release shall be in the form of Exhibit D.

## VII.    Governing Law

10

This Agreement shall be construed and interpreted in accordance with the laws of the State of Wisconsin.

## VIII.  Entire Agreement

This document and its Exhibits A-E constitute the entire Agreement between the Parties with regard to the matters set forth herein, and supersedes any prior written or oral agreements. In entering into this Agreement, Brandt expressly acknowledges that she is not relying on advice from anyone from WSB, including WSB's principals, owners, or attorneys, or any other individual or entity other than Hawks Quindel, S.C.

## IX.     Severability

If any provision of this Agreement shall be found invalid or unenforceable in whole or in part, that provision shall be deemed excised from this Agreement.

## X.      Counterparts

The Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties. The Agreement may be executed by electronic means, including DocuSign or a similar service and/or an image (.pdf) of a signature.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement.

7/4/2017
_____
Dated

_____
Angela Brandt on behalf of herself, the
Rule 23 Class, and the Collective Class


_____
Dated

Water Street Brewery, Inc.

By:  _____
        Robert C. Schmidt, Jr.

Its:    President

11

_____
Dated

Water Street Brewery-Grafton, Inc.


By: _____
        Robert C. Schmidt, Jr.

Its:    President


_____
Dated

Water Street Brewery Oak Creek
Restaurant LLC.


By: _____
        Matt Schmidt

Its:    Sole Member


_____
Dated

Water Street Brewery-Lake Country,
Inc.


By: _____
        Robert C. Schmidt, Jr.

Its:    President


_____
Dated

_____
Robert C. Schmidt, Jr.


12

This Agreement shall be construed and interpreted in accordance with the laws of the State of Wisconsin.

## VIII. Entire Agreement

This document and its Exhibits A-E constitute the entire Agreement between the Parties with regard to the matters set forth herein, and supersedes any prior written or oral agreements. In entering into this Agreement, Brandt expressly acknowledges that she is not relying on advice from anyone from WSB, including WSB's principals, owners, or attorneys, or any other individual or entity other than Hawks Quindel, S.C.

## IX. Severability

If any provision of this Agreement shall be found invalid or unenforceable in whole or in part, that provision shall be deemed excised from this Agreement.

## X. Counterparts

The Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties. The Agreement may be executed by electronic means, including DocuSign or a similar service and/or an image (.pdf) of a signature.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement.

_____
Dated

_____
Angela Brandt on behalf of herself, the Rule 23 Class, and the Collective Class

7-13-17
_____
Dated

Water Street Brewery, Inc.

By: _____
Robert C. Schmidt, Jr.

Its: President

11

7-13-17
_____
Dated

WSB-Grafton, Inc.

By: _____
     Robert C. Schmidt, Jr.

Its:   President


7-11-17
_____
Dated

WSB Oak Creek Restaurant LLC.

By: _____
     Matthew R. Schmidt

Its:   Sole Member


7-13-17
_____
Dated

WSB-Lake Country, Inc.

By: _____
     Robert C. Schmidt, Jr.

Its:   President


7-13-17
_____
Dated

_____
Robert C. Schmidt, Jr.

12